IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>v.<br><br>ALLEN DIBBLE, KATHY DIBBLE, and<br>LEA COUNTY TREASURER;<br>      Defendants. | CIVIL NO: 1:19-cv-00242 |

# UNITED STATES' COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, brings this civil action against Defendants, Allen Dibble and Kathy Dibble (collectively, "the Dibbles") to (1) reduce to judgment delinquent federal individual income tax assessments for the tax years 2006-2012, 2015, and 2016; and (2) enforce federal tax liens for the foregoing delinquent taxes on property located in Lea County, New Mexico owned by the Dibbles.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403(c), and 28 U.S.C. §§ 1331, 1340, and 1345 because this action arises under federal tax law, and the United States is the Plaintiff.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the Dibbles reside in Lea County, New Mexico, and the property subject to this action is also located in Lea County, New Mexico.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendant, Allen Dibble, a taxpayer in this lawsuit, resides at 518 North Hinson Road, Lovington, New Mexico, 88260, which is within the jurisdiction of this Court.

5. Defendant, Kathy Dibble, a taxpayer in this lawsuit, resides at 518 North Hinson Road, Lovington, New Mexico, 88260, which is within the jurisdiction of this Court.

6. Defendant, Lea County Treasurer is named as a Defendant because she may claim an ad valorem tax lien interest in the property upon which the United States seeks to enforce its liens. Defendant, Lea County Treasurer may be served 100 North Main Avenue, Suite C3, Lovington, New Mexico 88260.

### THE SUBJECT PROPERTY

7. The title of the real property upon which the United States seeks to enforce its federal tax liens is owned in the name of the Dibbles and consists of the land, along with all improvements, buildings, and appurtenances thereon, now known as and numbered 518 North Hinson Road, Lovington, New Mexico, 88260 (the "Real Property"). The legal description of the Real Property is as follows:

> Lot Thirteen (13), Section 1, Township 16 South, Range 36 East, N.M.P.M., Lea County, New Mexico.
> Subject to reservations, restrictions and easements appearing of record with warranty covenants.

8. The Dibbles acquired the Real Property via a Warranty Deed filed with the State of New Mexico, County of Lea on January 18, 2006.

### COUNT I
### Judgment against the Dibbles for Income Tax Liabilities

9. On the following dates, a delegate of the Secretary of the Treasury made assessments against Allen Dibble for federal income taxes and penalties for the tax year 2006

("Allen's 2006 Income Tax Liabilities") in the following amounts, which has a balance due with accruals and costs as of March 15, 2019, totaling $30,759.69, as follows:

| Tax Period Ending | Assessment Dates | Assessment Type | Amount Assessed | Balance Due as of March 15, 2019 |
|---|---|---|---|---|
| 12/31/2006 | 06/08/2009<br><br>12/27/2010 | Tax<br>Late Filing Penalty<br>Failure to Pay Tax Penalty<br>Failure to Pay Tax Penalty | $17,065<br>$ 3,839.62<br>$ 2,218.45<br><br>$ 2,047.79 | |
| **TOTAL:** | | | | **$30,759.69** |

10.  On the following dates, a delegate of the Secretary of the Treasury made assessments against the Dibbles for federal income taxes and penalties for the tax years 2007-2012, 2015, and 2016 ("the Joint Income Tax Liabilities") in the following amounts, which have balance due with accruals and costs as of March 15, 2019, totaling $138,542.28, as follows:

| Tax Period Ending | Assessment Dates | Assessment Type | Amount Assessed | Balance Due as of March 15, 2019 |
|---|---|---|---|---|
| 12/31/2007 | 10/07/2013 | Tax<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Failure to Pay Tax Penalty | $9,128<br>$ 412<br>$2,038.27<br>$2,264.75 | **$20,084.78** |
| 12/31/2008 | 10/14/2013 | Tax<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Failure to Pay Tax Penalty | $13,095<br>$ 382<br>$2,676.37<br>$2,973.75 | **$25,013.75** |
| 12/31/2009 | 10/14/2013<br><br><br><br>12/23/2013<br><br>12/22/2014 | Tax<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Failure to Pay Tax Penalty<br>Failure to Pay Tax Penalty<br>Failure to Pay Tax Penalty | $9,100<br>$ 199<br>$1,867.50<br>$1,743<br><br>$ 207.50<br><br>$ 124.50 | **$16,741.42** |

| | | | | |
|---|---|---|---|---|
| 12/31/2010 | 09/30/2013 | Tax<br>Late Filing Penalty<br>Failure to Pay Tax Penalty | $9,443<br>$1,944.67<br>$1,296.45 | **$15,538.57** |
| | 12/23/2013 | Failure to Pay Tax Penalty | $ 216.07 | |
| | 12/22/2014 | Failure to Pay Tax Penalty | $ 648.22 | |
| 12/31/2011 | 09/30/2013 | Tax<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Failure to Pay Tax Penalty | $11,520<br>$ 208<br>$2,592<br>$1,036.80 | **$21,805.36** |
| | 12/23/2013 | Failure to Pay Tax Penalty | $ 288 | |
| | 12/22/2014 | Failure to Pay Tax Penalty | $1,382.40 | |
| | 12/28/2015 | Failure to Pay Tax Penalty | $ 172.80 | |
| 12/31/2012 | 09/30/2013 | Tax<br>Estimated Tax Penalty<br>Failure to Pay Tax Penalty | $7,973<br>$ 143<br>$ 239.19 | **$12,450.54** |
| | 12/23/2013 | Failure to Pay Tax Penalty | $ 199.32 | |
| | 12/22/2014 | Failure to Pay Tax Penalty | $ 956.76 | |
| | 12/28/2015 | Failure to Pay Tax Penalty | $ 597.97 | |
| 12/31/2015 | 11/21/2016 | Tax<br>Estimated Tax Penalty<br>Failure to Pay Tax Penalty | $11,191<br>$ 202<br>$ 447.64 | **$13,015.08** |
| 12/31/2016 | 06/05/2017 | Tax<br>Estimated Tax Penalty<br>Failure to Pay Tax Penalty | $10,314<br>$ 247<br>$ 103.14 | **$13,892.78** |
| **TOTAL:** | | | | **$138,542.28** |

11. A delegate of the Secretary of the Treasury gave notice and demand for payment of Allen's 2006 Income Tax Liabilities and the Joint Income Tax Liabilities described above to the Dibbles. After the application of statutory interest, penalties, other additions, fees,

abatements, payments, and credits, these liabilities had an unpaid balance of $169,301.97, due as of March 15, 2019.

12.     Despite notice and demand for payment, the Dibbles failed, neglected, or refused to fully pay Allen's 2006 Income Tax Liabilities and the Joint Income Tax Liabilities described above.

13.     Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Allen Dibble is liable to the United States for tax liabilities and penalties for the tax year 2006 in the amount of $30,759.69, as of March 15, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

14.     Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that the Dibbles are jointly and severally liable to the United States for the Joint Income Tax Liabilities in the amount of $138,542.28, as of March 15, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

## COUNT 2
### Enforcement of Federal Tax Liens

15.     Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal or failure by the Dibbles to pay the tax liabilities described above after notice and demand, federal tax liens arose on the dates of the assessments, and attached to all property and rights to the property belonging to the Dibbles, including, the Real Property.

16.     Additionally, the IRS filed Notices of Federal Tax Lien ("NFTL") against the Dibbles in accordance with 26 U.S.C. § 6323(f) with the County Clerk in Lea County, New Mexico with regard to the tax liabilities described above on the following dates:

| Taxpayer | Type of Tax | Tax Periods Ending | Date NFTL Filed |
|---|---|---|---|
| Allen Dibble | Income | 12/31/2006 | 6/18/2018 |
| The Dibbles | Income | 12/31/2007-12/31/2012; 12/31/2015 | 1/23/2017 |
| The Dibbles | Income | 12/31/2016 | 12/05/2017 |

17. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described in above against the Real Property and have the entire Real Property sold in a judicial sale, or by a receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Real Property; second, to Defendant, Lea County Treasurer to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the tax liabilities described above; and fourth, to the other parties in accordance with the law, or as otherwise determined by the Court in accordance with the law.

## PRAYER

WHEREFORE, the United States of America prays for a judgment determining:

A. That Allen Dibble is liable to the United States for tax liabilities and penalties for tax year 2006 in the amount of $30,759.69, as of March 15, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

B. That the Dibbles are liable to the United States for the Joint Income Tax Liabilities in the amount of $138,542.28, as of March 15, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

   C. That the federal tax liens securing the liabilities described in this Complaint shall be enforced against the Real Property by ordering the sale of the entire Real Property in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including, any costs and expenses incurred to secure and maintain the Real Property; second, to Defendant, Lea County Treasurer to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the tax liabilities described above; and fourth, to the other parties in accordance with the law, or as otherwise determined by the Court in accordance with the law; and

   D. That awards the United States such other and further relief as this Court deems just and proper, including, its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

               Respectfully submitted,

               RICHARD E. ZUCKERMAN
               Principal Deputy Assistant Attorney General

               By: /s/ Holly M. Church
                 HOLLY M. CHURCH
                 Attorney, Tax Division
                 State Bar No. 24040691
                 Department of Justice
                 717 N. Harwood, Suite 400
                 Dallas, Texas 75201
                 (214) 880-2432
                 (214) 880-9742 (FAX)
                 Holly.M.Church@USDOJ.gov

               ATTORNEYS FOR THE UNITED STATES

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

❏ 1  U.S. Government Plaintiff
❏ 2  U.S. Government Defendant
❏ 3  Federal Question *(U.S. Government Not a Party)*
❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 340 Marine | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Med. Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | ❏ 791 Empl. Ret. Inc. Security Act | | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | ❏ 510 Motions to Vacate Sentence | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | **Habeas Corpus:** | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 530 General | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ❏ 555 Prison Condition | | | |
| | ❏ 448 Education | ❏ 560 Civil Detainee - Conditions of Confinement | ❏ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from another district *(specify)*
❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____